# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| **THURMAN DEE PAYNE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:08-0989** |
| ) | |
| **TODD R. CRAIG, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

On August 13, 2008, Petitioner,[1] acting *pro se*, filed a Motion to Proceed Without the Prepayment of Fees (Document No. 1.) and his Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody (Document No. 3).[2] Petitioner complains that his "due process rights were violated during the DHO proceeding causing a loss of liberty

---

[1] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Safford, which is located in the District of Arizona. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

[2] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

interest (27-days good time credit)." (Document No. 3, p. 10.) Petitioner states that his due process rights were violated by the following (Id., pp. 8 - 9.):

1. Substantial Due Process Violation: Petitioner claims that on March 11, 2008, Warden Anderson willfully and maliciously deprived him of his right to receive a fair and impartial DHO hearing when Anderson unlawfully appointed Case Manager John Roberts as the alternative disciplinary hearing officer over Petitioner's DHO hearing. Petitioner had filed a previous lawsuit against Warden Anderson.

2. Ineffective Assistance of Staff Representative: Petitioner claims that staff representative, Robert Groves, denied him the right to present a meaningful defense: (1) staff rep denied petitioner adequate time to confer with him prior to the DHO hearing; (2) failed to interview requested witnesses and obtain documented evidence from the reporting officer's superior; (3) refused to seek an extension of time to conduct interviews and obtain evidence on petitioner's behalf; and (4) intentionally filing the petitioner's DHO appeal on the wrong appeal form.

In support of Ground One, Petitioner claims that "Case Manager Roberts did not meet the independent qualification as an alternative disciplinary officer under the requirements of 28 C.F.R. § 541.16 [because] Roberts is a full time employee of Warden Anderson." (Id., p. 8.) Petitioner further argues that "Warden Anderson's appointment of Roberts violated a well established rule of 28 C.F.R. § 541.16, which states in part 'an alternative disciplinary hearing officer will be appointed to conduct hearings with approval of the appropriate Regional Director." (Id.)

In support of Ground 2, Petitioner contends that Staff Representative Groves "only conferred with him five minutes prior to the scheduled DHO hearing" and "had no valid explanation as to why he did not conduct interviews with petitioner's requested witnesses." (Id., pp. 9 - 10.) Petitioner states that Staff Representative Groves refused to request an extension of time for the purpose of conducting an adequate investigation and witnesses' interviews.(Id., p. 9.) Petitioner appears to allege that the above conduct resulted in the DHO officer's refusal "to consider petitioner's

statement given to the investigating Lieutenant E. Collins on 2-27-2008, that was corroborated by eye-witness Eric Moses that stated 'Inmate Hery instigated the altercation and Payne did only what was necessary to defend himself from the attack.'" (Id.) Finally, Petitioner states that "Staff Representative Robert Groves intentionally filed the petitioner's DHO Appeal in the North Central Regional Office on the wrong appeal form." (Id.) Petitioner, however, acknowledges that "[o]n April 24, 2008, the North Central Regional Office accepted petitioner's re-submitted appeal as timely filed." (Id.) As relief, Petitioner requests "an Order removing all sanctions applied (1) 27 days Good Time Credit, (2) Classification score reduced to low, (3) Placed back in the Western Region." (Id., p. 10.)

Petitioner attaches the following Exhibits: (1) A copy of 28 C.F.R. § 541.2 (Id., pp. 11 - 12.); (2) A copy of the "Incident Report" dated February 26, 2008, indicating that Petitioner violated Offense Code 201 (Id., p. 12.); (3) A copy of the "Notice of Discipline Hearing Before the DHO" dated February 28, 2008 (Id., p. 13.); (4) A copy of the "Discipline Hearing Officer Report" dated March 20, 2008 (Id., pp. 14 - 18.); (5) A copy of Petitioner's "Inmate Request to Staff" dated March 24, 2008 (Id., p. 20.); (6) A copy of the "Administrative Detention Order" dated February 27, 2008 (Id., p. 21.); (7) A copy of the "Administrative Detention Order" dated April 8, 2008 (Id., p. 22.); (8) A copy of an e-mail from Staff Representative Robert Groves to NCRO/DHO dated April 8, 2008, requesting that Petitioner's appeal be accepted as timely (Id., p. 23.); (8) A copy of a "Rejection Notice - Administrative Remedy" dated April 15, 2008 (Id., p. 24.); (9) A copy of Petitioner's "Request for Administrative Remedy" dated April 7, 2008 (Id., pp. 25 - 26.); (10) A copy of a "Receipt - Administrative Remedy" dated May 2, 2008 (Id., p. 27.); (11) A copy of "Rejection Notice - Administrative Remedy" dated July 7, 2008 (Id., p. 28.); and (12) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated June 19, 2008 (Id., pp. 29 - 30.).

**DISCUSSION**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Although the Fifth Amendment of the United States Constitution prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law", the range of protected liberty interests for defendants convicted and confined in prison are significantly reduced for their period of incarceration. See U.S. Const. Amend. XIV, § 1; Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). The fact of conviction implies the defendant's transfer of his liberty to prison officials, who in their broad discretion, administer his sentence. Gaston, 946 F.2d at 343. Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Gaston v. Taylor, 946 F.2d at 343 (emphasis added).

To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which he has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due

4

> Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, in order to establish that a deprivation of his due process rights has occurred, Petitioner must identify a liberty interest which is protected by the Due Process Clause of the United States Constitution. Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (holding that an inmate cannot be deprived of a protected liberty interest in good-time credits without procedural due process).

When a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty interest in the inmate's release from confinement is implicated, and minimal procedural guarantees are recognized. Ponte v. Real, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985). The Supreme Court stated what procedure is required at a minimum in Wolff, supra. An inmate subject to administrative disciplinary sanctions impacting the duration of his sentence is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense as long as it does not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id., 418 U.S. at 563 - 569, 94 S.Ct. at 2978 - 2981. BOP regulations are clearly written in view of the constitutionally required minimum, but the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation when a protected liberty interest is evident as long as the constitutionally required minimum is met. See Myers v. Klevenhager, 97 F.3d 91, 94 (5th Cir 1996); Giovanni v. Lynn, 48 F.3d 908, 913 (5th Cir. 1995), cert. denied, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995). The undersigned notes additionally that the Supreme Court has indicated

that prison regulations are not designed to confer rights on or benefits to inmates. Rather, they are primarily designed to guide correctional officials in the administration of prisons. Sandin v. Conner, 515 U.S. 472, 481- 482, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

Having thoroughly examined the record in this case, the undersigned finds no indication of error of constitutional magnitude in the disciplinary proceedings. It is clearly evident that in charging and considering Petitioner's violation of Offense Code 201,[3] prison officials adequately adhered to the policies and procedures as prescribed in 28 C.F.R. § 541 and the Bureau of Prisons' Program Statement 5270.07. It is undisputed that Petitioner received all of the minimum due process safeguards set forth in Wolff. Petitioner received all documents pertinent to the charges against him, was advised of his rights, and had ample opportunity to present a defense to those charges. Petitioner, however, contends that Respondent violated his due process rights because (1) the DHO was appointed by Warden Anderson, who "petitioner had filed a previous lawsuit against," and (2) Petitioner's staff representative was ineffective. First, the undersigned finds that Petitioner's conclusory statement that he was deprived of a "fair and impartial DHO" is without merit. Section

---

[3] The Incident Report dated February 27, 2008, described the incident as follows (Document No. 3, p. 12.):

> On February 27, 2008, at approximately 12:30 a.m., I was present in the 10 A Nursing Station, when the doctor examined Inmate Henry, Glendon # 04293-015, and he stated "That guy hit me with a cane." I asked him if he had hit the other guy back and he said yes, I had to defend myself. Inmate Henry sustained an inch and a half laceration to his head, which required stitches and staples. I was also present when Inmate Payne, Thurman # 16992-180, was being examined by the on call doctor, and he stated he was just defending himself as Inmate Henry had hit him with the mop handle and threw hot water on him. Inmate Payne sustained the following injuries: swollen areas to the left forearm, left scapula, right posterior of his head, an abrasion to the head, a laceration to the left index finger, redness on the left flank, and a laceration to the lower lip. Based on the injures of both inmates and their statements, both inmates are being charged with fighting.

541.16(a) provides as follows:

> Each Bureau of Prison institution shall have an independent hearing officer (DHO) assigned to conduct administrative fact-finding hearings covering alleged acts of misconduct and violations of prohibited acts, including those acts which could result in criminal charges. In the event of a serious disturbance or other emergency, or if an inmate commits an offense in the presence of the DHO, an alternate Discipline Hearing Officer will be appointed to conduct hearings with approval of the appropriate Regional Director. If the institution's DHO is not able to conduct hearings, the Warden shall arrange for another DHO to conduct the hearings. This person must be trained and certified as a DHO, and meet the other requirements for DHO.

28 C.F.R. § 541.16(a). There is no allegation that the DHO was not properly trained or certified. Additionally, Petitioner's allegations do not support a finding that the DHO was not impartial. Petitioner does not allege that the DHO was "the reporting officer, investigating officer, or UDC member, or a witness to the incident or play[ed] any significant part in having the charge referred to the DHO." See 28 C.F.R. § 541.16(b). Petitioner, however, contends the DHO was biased against him because the DHO was appointed by Warden Anderson, who "petitioner had filed a previous lawsuit against." Petitioner's mere speculation that the DHO could have been prejudiced against him because the DHO was appointed by Warden Anderson is insufficient. The undersigned, therefore, finds prison officials did not violate Section 541.16.[4]

To the extent Petitioner is claiming the DHO was impartial because there was insufficient evidence to support his disciplinary decision, Petitioner's claim is again without merit. In finding that Petitioner violated Offense Code 201, the DHO considered the following: written statements from Petitioner's witnesses (Inmate Eric Moses and Inmate Valdez), the SIS Packet, Officer

---

[4] Even assuming prison officials appointed an alternate DHO without approval of the appropriate Regional Director, the failure of prison officials to follow their own internal policies, procedures or regulations alone is insufficient to make out a due process violation.

Durham's eyewitness account, Officer N.L. Daniels' Memorandum, Lt. Norris' Report, and Petitioner's statement that he was not the aggressor and was acting in self-defense. (Document No. 3, pp. 15 - 18.) Considering the evidence against Petitioner, there is no indication that the DHO was unfair or impartial in reaching his decision. The DHO stated as follows concerning Petitioner's self-defense claim:

> Although inmate Payne contends he acted in self defense, the physical evidence reflects that he was a willing participant in the altercation. Specifically, his wounds were consistent with being in a fight and the other inmate's wounds were consistent with being struck in the head with a weapon. The greater weight of the evidence presented supports a finding that inmate Payne was involved in a fight with another inmate on February 26, 2008 . . .

(Id., p. 18.) In disciplinary hearings, due process is satisfied when the findings of the disciplinary authority are supported by "some evidence." The undersigned finds that the DHO acted fully within his discretion in developing the evidence which resulted in the finding that Petitioner was guilty of violating Offense Code 201. The finding was supported by sufficient evidence and the sanction[5] was lawful and appropriate.[6]

Finally, Petitioner contends that he was denied effective assistance of counsel at his disciplinary hearing. (Document No. 3, pp. 8 - 9.) Specifically, Petitioner asserts that his staff

---

[5] The DHO imposed the following sanction: (1) "Disallow 27 days Good Conduct Time;" (2) "30 days Disciplinary Segregation;" and (3) "Loss of Telephone Privileges for 180 days." (Document No. 3, p. 18.)

[6] The DHO stated the "Reason for Sanction or Action Taken" as follows (Document No. 3, p. 18.):
> Fighting with Another Person is a serious offense which cannot be tolerated within the confines of a correctional facility. Such an act seriously disrupts the security and orderly operation of the institution and hinders staff in their ability to control and supervise their area of responsibility. The sanctions were imposed to impress upon the inmate the seriousness of his actions and hopefully deter him from such actions in the future.

representative was ineffective. (Id.) Criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); also see Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). This Sixth Amendment right, however, only applies to criminal prosecutions. See Kirby v. Illinois, 406 U.S. 682, 690, 92 S.Ct. 1877, 1882, 32 L.Ed.2d. 411 (1972). Prison disciplinary proceedings are not criminal prosecutions within the meaning of the Sixth Amendment. See Wolff, 418 U.S. at 556, 570, 94 S.Ct. at 2975, 2981. Since Petitioner was not entitled to counsel at his disciplinary hearing, Petitioner cannot claim he was denied his Sixth Amendment right to effective assistance of counsel. Accordingly, Petitioner's claim that prison officials violated his constitutional right to effective assistance of counsel during his disciplinary proceeding is without merit.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion to Proceed Without the Prepayment of Fees (Document No. 1.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 3.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: June 30, 2011.

R. Clarke VanDervort
United States Magistrate Judge